UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PETER WASSERMAN,           :
          Plaintiff,           :
                                       :    **ORDER ADOPTING REPORT**
v.           :    **AND RECOMMENDATION**
                                       :
KILOLO KIJAKAZI, Acting Commissioner of           :    20 CV 3482 (VB) (AEK)
Social Security,[1]           :
          Defendant.           :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation (the "R&R") dated March 17, 2022 (Doc. #21), regarding the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c).  (Docs. ##16, 18).  Judge Krause recommended the Court deny plaintiff's motion, grant the cross-motion of the Commissioner of Social Security (the "Commissioner"), and enter judgment in favor of the Social Security Administration (the "Agency").

      Plaintiff filed timely objections to the R&R.  (Doc. #24).  The Commissioner filed a response to plaintiff's objections.  (Doc. #25).

      For the following reasons, the Court OVERRULES plaintiff's objections and adopts the R&R.  Accordingly, plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

      The Court recites only the factual and procedural background necessary to resolve plaintiff's objections.

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the defendant in this case.

**BACKGROUND**

Plaintiff applied for disability insurance benefits on November 17, 2016. His claim was denied by the Agency on February 7, 2017, and he received an administrative hearing before an administrative law judge ("ALJ") on August 22, 2018.

One of the issues at the hearing was whether plaintiff was considered disabled under the Social Security Act. To decide whether plaintiff was disabled, the ALJ had to determine plaintiff's residual functional capacity ("RFC"), which the ALJ defined as "his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." (Doc. #12 ("AR") at 13).[2]

The ALJ concluded plaintiff was not disabled and that plaintiff retained the RFC to perform "light work," with certain exceptions. (AR at 14–20).

In determining plaintiff's RFC, the ALJ reviewed objective medical evidence and several opinions that addressed plaintiff's ability to do work on a sustained basis. Among those opinions was that of Dr. Robert Goldstein, who treated plaintiff sporadically from September 2011 to June 2018. Relevant here, the ALJ also considered the opinions of the state agency medical consultant, Dr. J. Koenig, and the consultative internal medicine examiner, Dr. Jay Dinovitser; plaintiff's medical records from Dr. Goldstein's office and Crystal Run Healthcare ("Crystal Run"), where plaintiff received treatment in 2013 and 2015; and plaintiff's testimony at the August 22, 2018, hearing.

Dr. Goldstein opined that plaintiff was "totally disabled" beginning September 2011. (AR at 762). Dr. Goldstein diagnosed plaintiff with "[b]ilateral primary osteoarthritis of both hips" and "[c]ontinued lower back pain with radiculopathy," and explained that plaintiff could

---

[2]   "AR at __" refers to the page numbers in the bottom-right corner of Doc. #12.

2

not perform sedentary work.  (Id. at 762–63).  According to Dr. Goldstein, plaintiff could not sit or stand for more than two hours in an eight-hour workday, could occasionally lift between five and ten pounds, could frequently lift less than five pounds, and had limited ability to push and pull.[3]  Records from Dr. Goldstein's office reflect that plaintiff did not complain of hip pain until June 26, 2018.

Dr. Koenig stated plaintiff could sit or stand for approximately six hours in an eight-hour workday, could occasionally lift or carry up to twenty pounds, could frequently lift or carry up to ten pounds, and could perform unlimited pushing and pulling.

Dr. Dinovitser saw plaintiff on January 18, 2017, and he concluded plaintiff could perform unlimited pushing and pulling and that plaintiff had "mild limitations" in bending, lifting, carrying, prolonged sitting, standing, and walking.  (AR at 573).

According to plaintiff's medical records from Crystal Run, plaintiff visited the office on September 23, 2013, following a triceps tendon tear he suffered when working out in the "[g]ym on a bike."  (AR at 370).  According to one set of notes, the injury occurred when plaintiff was "transitioning from running to biking during [a] triathlon workout."  (Id. at 454).

At the August 22, 2018, hearing, plaintiff testified he never trained for a triathlon and was not a member of a gym, and he biked for exercise once a week for ten to fifteen minutes a session.  According to plaintiff, he tore his triceps tendon when getting on his bike.

Plaintiff also testified he traveled to Korea with his family in 2015, which entailed a twelve- to thirteen-hour flight each way, and to California with his family in 2016.  Plaintiff also testified he drives his eleven-year-old daughter to softball; mows his lawn with a riding lawn

---

[3]  In this context, "occasionally" means up to one-third of an eight-hour workday and "frequently" means up to two-thirds of an eight-hour workday.

mower, which takes approximately an hour and a half; "cook[s] a little bit"; performs some "household chores"; and does the family grocery shopping. (AR at 56–57). In addition, he testified he injured himself when moving something in his garage in 2013, but that normally he would have asked his wife to assist him.

In rendering his decision on plaintiff's RFC, the ALJ did not assign Dr. Goldstein's opinion controlling weight. Specifically, he concluded Dr. Goldstein's opinions "[we]re poorly supported" and inconsistent with his contemporaneous treatment notes, as well as the opinions of Dr. Dinovitser and Dr. Koenig, records from Crystal Run, and plaintiff's testimony. (AR at 19).

## DISCUSSION

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d). When a party submits a timely objection to a report and recommendation, the district court reviews those parts of the report and recommendation objected to under a de novo standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

II. Objections

Plaintiff argues Magistrate Judge Krause erred in concluding the ALJ correctly applied the treating physician rule when evaluating Dr. Goldstein's opinion and, as a result, erred in concluding the ALJ's determination of plaintiff's RFC was supported by substantial evidence.

The Court disagrees.  The Court has reviewed Judge Krause's thorough and well-reasoned R&R and finds no error, clear or otherwise.

A.     Legal Standard

"The district court's review of the Commissioner's decision regarding disability is limited to a determination of whether the decision is supported by substantial evidence in the record as a whole."  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).[4]  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

To determine whether a decision by the Commissioner is supported by substantial evidence, courts must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  Schillo v. Kijakazi, 31 F.4th 64, 74 (2d Cir. 2022).  "The substantial evidence standard means once an ALJ finds facts, [courts] can reject those facts only if a reasonable factfinder would have to conclude otherwise."  Id.

"The treating physician rule" for claims made before March 27, 2017, which is set forth in 20 C.F.R. § 404.1527(c)(2), "states that the medical opinion of a claimant's treating physician must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the case record."  Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022).

If the ALJ determines a treating physician's opinion should not be given controlling weight, the ALJ "must determine how much weight, if any, to give" the opinion.  Schillo v. Kijakazi, 31 F.4th at 75.  In making this determination, Agency regulations direct the ALJ to

---

[4]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

5

"consider certain nonexclusive factors," including "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Id.

B. Application

Here, the ALJ properly applied the treating physician rule and reasonably decided not to assign weight to Dr. Goldstein's opinion. Thus, the ALJ's conclusion that plaintiff was not disabled was supported by substantial evidence.

First, the ALJ reasonably chose not to assign Dr. Goldstein's opinion controlling weight. That is, he reasonably determined Dr. Goldstein's opinion was inconsistent with other evidence in the record.[5]

Dr. Goldstein's opinion was inconsistent with his contemporaneous treatment notes. In his submission to the ALJ, Dr. Goldstein stated plaintiff could not perform sedentary work because plaintiff suffered from "[b]ilateral primary osteoarthritis of both hips" beginning September 2011 (AR at 762), but Dr. Goldstein's contemporaneous treatment notes do not reference any observations of or complaints by plaintiff of hip pain until June 2018. (See id. at 696–721). Moreover, Dr. Goldstein's response to the ALJ's request for clarification did not explain this inconsistency. (See id. at 749–52).

Dr. Goldstein's opinion was also inconsistent with plaintiff's testimony. For example, Dr. Goldstein stated plaintiff could not sit for more than two hours in an eight-hour workday, but

---

[5]  "Because the ALJ did not specifically find issue with the clinical and laboratory diagnostic techniques underlying" Dr. Goldstein's opinion, the Court only examines whether his "opinion was not inconsistent with the other substantial evidence in the case record." Colgan v. Kijakazi, 22 F.4th at 360 n.4.

plaintiff testified he flew to Korea in 2015 and to California in 2016, which involved prolonged sitting.  Dr. Goldstein's opinion on plaintiff's range of motion was also inconsistent with plaintiff's testimony that he biked for exercise, regularly mowed his lawn for approximately an hour and a half, and performed light household chores.

Dr. Goldstein's opinion was also contradicted by the opinions of Dr. Koenig and Dr. Dinovitser.  For example, Dr. Goldstein stated plaintiff could not sit or stand for more than two hours in an eight-hour workday, but Dr. Koenig stated plaintiff could sit or stand for up to six hours in an eight-hour workday; Dr. Goldstein stated plaintiff could only occasionally lift between five and ten pounds, but Dr. Koenig stated plaintiff could frequently lift up to ten pounds; and Dr. Goldstein stated plaintiff had limited ability to push and pull, but both Dr. Koenig and Dr. Dinovitser believed plaintiff had unlimited ability to push and pull.  Moreover, to the extent plaintiff argues the ALJ should not have assigned weight to Dr. Dinovitser's opinion because Dr. Dinovitser used the term "mild limitations" and other vague language, the Court disagrees.  The ALJ gave "some weight" to Dr. Dinovitser's opinion based on Dr. Dinovitser's examination of plaintiff and subsequent "findings of reduced right lower extremity strength support and reduced lumbar range of motion support."  (AR at 18–19).  Dr. Dinovitser's findings were detailed and consistent with his physical examination of plaintiff, and the ALJ's decision to assign them some weight was supported by substantial evidence.

"In short, substantial evidence supported the ALJ's decision" to discount Dr. Goldstein's opinion, and the Court "therefore cannot second-guess that decision on appeal."  Schillo v. Kijakazi, 31 F.4th at 77–78.

Second, after the ALJ reasonably chose not to assign Dr. Goldstein's opinion controlling weight, he reasonably discounted Dr. Goldstein's opinion based on the nonexclusive factors

7

enumerated in the treating physician rule. Although Dr. Goldstein treated plaintiff over the course of several years, he only saw plaintiff a handful of times. Dr. Goldstein's opinion was inconsistent with the other medical evidence, as described above. Further, contrary to plaintiff's objection, the ALJ did consider that Dr. Goldstein was a specialist—specifically, the ALJ referred to Dr. Goldstein as an "orthopedist" in his decision (AR at 15), and thus he "implicitly recognized that" Dr. Goldstein was a specialist. See, e.g., DeJesus v. Colvin, 2014 WL 667389, at *17 (S.D.N.Y. Jan. 23, 2014), report and recommendation adopted, 2014 U.S. Dist. LEXIS 22238 (Feb. 18, 2014).

Finally, because the Court concludes the ALJ properly applied the treating physician rule and reasonably determined not to assign Dr. Goldstein's opinion weight, it further concludes the ALJ's determination that plaintiff was not disabled was supported by substantial evidence, such as plaintiff's testimony, plaintiff's medical records, and the opinions of Dr. Koenig and Dr. Dinovitser.

Accordingly, plaintiff's objections must be overruled.

## CONCLUSION

Plaintiff's objections are OVERRULED, and the R&R is adopted in its entirety as the opinion of the Court.

Plaintiff's motion for judgment on the pleadings is DENIED.

Defendant's cross-motion for judgment on the pleadings is GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##16, 18), enter Judgment accordingly, and close this case.

Dated: August 9, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge